## Rager v. Elias

*Jeffrey T. Olup,* for plaintiff.
*Michael J. Macko,* for defendant.

CICCHETTI, *P.J.,* August 28, 1989 — Presently before the court is a motion for judgment on the pleadings filed on behalf of plaintiff, Amos L. Rager, t/d/b/a A&R Metals. The pleadings are closed, and the history of the case leading up to the motion is as follows. The question this court must decide is whether defendant's counterclaim is secured by a lien in accordance with Pa.R.C.P. 1082(a).

Plaintiff filed an action in replevin seeking recovery of personal property in possession of defendant, lessor, John Elias. Plaintiff claims them as his business property, while defendant contends that the property is abandoned, and likewise, defendant's accompanying leasehold interest. Defendant thereafter filed a counterclaim, proceeding under Pa.R.C.P. 1082(a). Defendant's counterclaim seeks $3,000 for "outstanding rent"; a $2,000 claim for "storage, clean-up and transportation"; a $6,000 claim for "lost rental revenue" over six months; and a general claim for "storage charges . . . currently occurring" all totaling $11,000.

Plaintiff then filed this motion asking the court to dismiss defendant's counterclaim because it is a claim in a replevin action unsecured by a lien on the said personal property. The court agrees.

Rule 1082(a) of the Pa.R.C.P. states:

*"Counterclaim. Lien. Conditional Verdict*

"(a) A claim *secured by a lien* on the property may be set forth as a counterclaim. No other counterclaim may be asserted." (emphasis supplied)

As plaintiff notes in his brief, 1082(a) is strictly construed. *Bentz v. Barclay,* 294 Pa. 300, 144 Atl. 280 (1928); *Segal v. McCray,* 65 D.&C. 2d 122

(1973). In *Lawson v. Johnson,* 13 D.&C. 3d 113 (1980), the court announced:

"[U]nless the defendant has pleaded a secured claim in his counterclaim, the counterclaim must be stricken. While under Pennsylvania Law a landlord is entitled to a lien on property of his defaulting tenant, the right is inchoate and no lien is established until legal distraint is had as prescribed by the Landlord and Tenant Act. . ."

In order for a lien to be assertible in a counterclaim in a replevin action, the lien must be one recognized by statute or by the common law or created by agreement; otherwise, it will be rejected. See *Courts v. Britt and Hanks,* 52 D.&C. 2d 758 (1971). In defendant's counterclaim in the present case, there is no averment that the property is legally or properly distrained under 68 P.S. §250.302. Such distraint can only be made by the landlord in writing, stating the cause of such taking, the date of the levy and the personal property distrained. Such was not done by the defendant, and no counterclaim can be asserted.

Defendant's reliance on *Foresman v. Brockerhoff,* 23 D.&C. 2d 515 (1960), is misplaced. Defendant contends that *Foresman* stands for the proposition that merely alleging in a counterclaim that the lease is breached and rent is due creates an implied-in-law lien. This is not true. In *Foresman,* like here, plaintiff filed a replevin action for recovery of personal property in a lease agreement. Defendant responded in new matter, complaining that since plaintiff had not complied with the provisions of the lease agreement they should not have the right to remove their property. The defendant did not, unlike in the case at bar, seek damages for outstanding rent, nor any consequential damages from the plaintiff. He merely denied plaintiff's allegation of

title. Therefore, the court was correct in refusing to label defendant's answer as a counterclaim. Consequently, since defendant at bar is requesting damages unsecured by a prior distraint on the property, the counterclaim cannot stand.

## ORDER

And now, August 28, 1989, plaintiff's motion for judgment on the pleadings as to defendant's counterclaim is granted, and defendant's claim is hereby dismissed.